CAUSE NO. _____

| | | |
|---|---|---|
| KRIS LUTTRELL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| LAZY DOG RESTAURANTS, LLC, | § | |
| | § | |
| Defendant | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Rickie Dade complains of Defendant Lazy Dog Restaurants, LLC and would respectfully show that:

### I.

### Discovery Control Plan

1. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.

### Jurisdiction and Venue

2. The claims asserted in this case arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events giving rise to the claims occurred in Collin County, Texas.

### III.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of less than $75,000. Discovery in this matter has just commenced and, therefore, Plaintiff cannot

reliably state a maximum amount of damages he is seeking at this time and reserves his right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.

### Parties

4. Plaintiff Kris Luttrell is an individual and a resident of Collin County, Texas.

5. Defendant Lazy Dog Restaurants, LLC is a Delaware limited liability company, doing business in the State of Texas for the purpose of monetary profit. Defendant's principal place of business is located in Costa Mesa, California, and may be served with process by serving its registered agent National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

## V.

### Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about February 15, 2018. At that time, Plaintiff was injured while he was on Defendant's premises, located at 8401 Preston Road in Plano, Texas. Plaintiff sustained serious bodily injuries as a direct result of a dangerous condition on Defendant's premises that Defendant and/or its agents, servants, and/or employees knew, or in the exercise of ordinary care should have known existed.

## VI.

### Causes of Action

*Negligence*

7. Plaintiff sustained injuries because of Defendant's negligence when Defendant:

- Created a dangerous condition;

2

- Failed to properly maintain the premises, suitable for the ordinary use of invitees such as Plaintiff;

- Failed to exercise reasonable care to reduce or eliminate the dangerous condition on the premises;

- Failed to exercise reasonable care to avoid a foreseeable risk of injury;

- Failed to properly train and supervise its employees;

- Failed to provide a reasonably safe environment for invitees;

- Failed to give adequate warning to invitees;

- Failed to inspect the floors for hazardous conditions that may cause injury; and

- Other acts so deemed negligent.

8.  As a result of Defendant's negligence, Plaintiff suffered severe physical injuries, for which he is entitled to recover monetary damages.

## VII.

### Damages

9.  As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries.  Plaintiff will show that he has sustained physical pain and suffering, physical impairment, mental anguish, disfigurement, lost wages, and loss of earning capacity, in the past, and in all probability will continue to sustain such damages into the foreseeable future.  Plaintiff has also incurred medical and pharmaceutical expenses in the past, and an all probability will continue to incur such out of pocket expenses into the foreseeable future.

## VIII.

### Rule 193.7 Notice

10. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendant that any and all documents produced may be used against the Defendant in any pretrial proceeding and/or at the time of trial of this matter, without the necessity of authenticating the documents.

3

## IX.

### Written Discovery

11. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

12. Plaintiff further refers Defendant to the attached Interrogatories and Requests for Production and requests that written responses and responsive documents be produced within 50 days of the service of these requests.

## X.

### Jury Demand

13. Plaintiff hereby demands a trial by jury in this case and tenders the required jury fee.

## XI.

### Prayer

14. For the reasons elaborated above, Plaintiff prays that this Court cite Defendant to appear and answer herein and that upon trial of this case that Plaintiff have judgment against Defendant and recover all damages allowed by law, prejudgment and post-judgment interest, costs of court, and such other and further relief that he may show himself to be justly entitled.

Respectfully submitted,

BRUERA LAW FIRM, PLLC

*/s/ Sofia E. Bruera*

SOFIA E. BRUERA
State Bar No. 24062189
3100 Timmons Lane, Suite 310
Houston, Texas 77027
Telephone:  (832) 430-4000
Facsimile:  (832) 558-3523
Email:  sofia@brueralaw.com
Service email:  service@brueralaw.com

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| KRIS LUTTRELL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| LAZY DOG RESTAURANTS, LLC, | § | |
| | § | |
| Defendant | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S INTERROGATORIES AND
## REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff Rickie Dade serves the following Interrogatories and Request for Production to Defendant Lazy Dog Restaurants, LLC and requests that these requests be answered separately and fully, in writing, under oath, and served upon the undersigned attorney within fifty (50) days after service hereof.

Please note that, in accordance with Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement you response if you obtain information that your response was incorrect or incomplete when made, or you discover that your response, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend your response is misleading.

## I.

### Instructions and Definitions

When answering these discovery requests, you are requested to refer to the following instructions and definitions.

1. All information responsive to these requests which is within you knowledge, possession, or control, or within the knowledge, possession or control of your attorneys, agents, or other

representatives, as well as information you can obtain upon reasonable inquiry,  is to be divulged.  If there is a request for all information on a given subject and you do not know all of the information, provide such information to the extent of your knowledge.

2.   All responses shall be made separately and fully.  An incomplete or evasive response will be considered a failure to answer.  Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa.  The past tense includes the present and vice versa.  The singular includes the plural and vice versa.  "Any" includes "all" and vice versa.  "Each" includes "ever" and vice versa.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.  The use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice versa.  And the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

3.   Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

4.   The Texas Rules of Civil Procedure require you to supplement and amend your responses if you obtain information and, as a consequence, (a) you know that a response to these requests was incorrect or incomplete when made, or (b) you know that a response, though correct and complete when made, is no longer true and complete.

5.   If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

    a.   a short statement identifying each privilege involving the basis therefor;

    b.   the facts upon which you relied to support your claim of privilege;

    c.   a description of all documents for which such privilege is claimed, including:

2

    i.  the type of document;

    ii.  a brief statement of the document's general subject matter;

    iii.  the date of the document;

    iv.  the author(s) and their title(s) and/or position(s); and

    v.  the identity of all persons to whom any contents of the documents have been disclosed; and

  d.  a description of all conversations for which privilege is claimed, including:

    i.  the date of the conversation;

    ii.  a brief statement describing the general topic of the conversation;

    iii.  the person(s) participating in or overhearing the conversation; and

    iv.  the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

6.  As required by the Texas Rules of Civil Procedure, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorneys' fees against you, or other sanctions of the Court.

7.  "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the Texas Rules of Civil Procedure and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries

or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.  The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.  A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

Electronic Data Directive:  Pursuant to the Texas Rules of Civil Procedure, all electronic data responsive to the requests below shall be provided via CD, DVD, or flash drive in

4

user readable format (.txt, .pdf, or similar file types), or as otherwise agreed in a supplemental writing by the parties.

8.  "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

9.  "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

10. "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain, or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

11. "Person" shall mean all natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private, or legal entity, and all predecessors or successors in interest.

12. "Identify" or "identification" shall mean:

5

a.  With respect to a <u>natural person</u>, to include, without limitation, full name, title, job description, present business and home address(es) (last known if present address(es) are unknown).  If there have been changes in title or job description during the time period covered by these discovery requests, all titles and job descriptions should be given, together with the period during which each one was held.

b.  With respect to a <u>communication</u>, to include, without limitation, the date, time, and approximate duration of the communication, a statement describing the substance of the communication with particularity, the identity of person(s) participating in the conversation, the identity of person(s) directing the communication to take place, if any, and the identity of all persons to whom any portions of the contents of the communication have been disclosed.

c.  With respect to a <u>business entity</u>, to include, without limitation, its name, date, and place of formation, and all of its business addresses.

d.  With respect to a <u>document</u>, to include, without limitation, title, type, date, the identify of each person, either wholly or in part participating in the preparation or dissemination of, or who is referred to in the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter or general nature, and the identity and location of each person who has possession, custody, or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroyed the document; who last possessed or controlled the document, and/or instructed that the document be destroyed.

6

e.  When used with reference to an <u>act</u> means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time, and date of each such item; to identify each and every person participating in the act, and to specify the items of behavior performed, information communicated, and/or tangible things provided by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

f.  When used in reference to an <u>omission to act</u> means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which you contend should have been performed, communicated, and/or provided and the place, time, and date that each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

g.  When used in reference to a <u>lawsuit</u> means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court and parties; your status as either a plaintiff, defendant, intervenor, impleader, interpleader, third-party plaintiff or defendant; the substance of the claim(s) and

7

defense(s) asserted; and the ultimate disposition or resolution of the claim(s) and

defense(s).

13. "Petition" means Plaintiff's Original Petition in this case or any supplemental or amended

petitions subsequently filed in this lawsuit.

14. "You," "Your," "Defendant," or "Defendants" means Lazy Dog Restaurants, LLC, and

each of its agents, authorized representatives, employees, assigns, officers, directors, staff, affiliates,

owned or controlled entities or agencies, and all other persons acting in concert with her or under her

control, whether directly or indirectly, including any attorney.  Where the answers called for are

different for any of the foregoing, state which portion of each response applies to each.

15. "Accident" or "Incident" shall refer to the incident on or about February 15, 2018, at

Defendant's premises in Collin County, Texas, which forms the basis of this lawsuit.

16. "Plaintiff" shall mean Kris Luttrell.

## II.

### Interrogatories

1. If you contend that you have not been correctly named or served with Plaintiff's Original Petition, state your correct legal name, the manner in which you can be designated as a party defendant and served with process in this action with respect to the allegations contained in Plaintiff's Original Petition.

2. Identify all persons who witnessed or were within the proximity of the Plaintiff at the time of the Incident.

3. If you claim that the Incident resulted from Plaintiff's own negligence, fault, lack of care, inattention, or failure to take ordinary precautions commensurate with his own safety, please set forth all facts upon which you base such claims.

4. If you claim that the Incident resulted from the negligence, fault, lack of care, inattention, or failure to take ordinary precautions by anyone not named in this lawsuit, please identify such individual(s) and set forth all facts upon which you base such claims.

5. Have you conducted an investigation into the cause or causes of the incident in question? If your answer is in the affirmative, please identify each and every person conducting said

8

investigation(s), the date(s) on which said investigation(s) were performed, and who was present during said investigation(s).

6. State when, where, and under what circumstances you first became aware that Plaintiff was claiming to have sustained an injury as a result of the Incident.

7. Provide the name, telephone number, address, and a summary of the anticipated testimony for each witness you intend to call at trial.

8. If you contend that Plaintiff or anyone else was contributorily negligent with respect to the Incident, provide all facts which support your contention.

9. Describe all communications you and/or any of your representatives (including, but not limited to, your insurance carrier) have had with the Plaintiff regarding the Incident and/or Plaintiff's injuries.  For each such communication, identify the participants to the communication, the method of communication, and the full content of the communication.

10. Do you possess any statements, whether signed or unsigned, written or otherwise, concerning facts relating to the Incident or the injuries resulting therefrom?  If your answer is "yes," identify each person from whom you possess a statement; state when and where each statement was taken; and identify the person who took each such statement and by whom each such person was employed at the time the statement was taken.

11. If you contend that some person, thing, or entity, other than either the Plaintiff or Defendant, by some act or omission, caused or contributed to cause the Incident, no matter how slight or how small, or the injuries resulting therefrom, identify that person, entity, or thing, and state all facts which support you contention.

12. If you contend that the Incident or Plaintiff's injuries were caused, in whole or in part, by a preexisting physical condition of the Plaintiff, identify each such condition and describe how it contributed thereto.

13. For the individuals whom you may identify as having been employed by you on the date of the Incident, please state whether or not they are still in your employ and, if not, state why not and provide their last known address(es) and telephone number(s).

14. Please state the name, address (home and business), and telephone numbers (home, mobile, and business) of this Defendant's person in charge, including any manager on duty, on the date of the Incident, and the exact name and address of the company by whom he/she was employed at the time of the Incident.

15. Describe all remedial measures taken by you subsequent to the Incident.

16. Please indicate when you found out about the dangerous condition on the floor and how the dangerous condition came to be on the floor prior to the Incident.

9

17. Describe your policies and procedures for inspecting the premises and correcting hazardous conditions.

### III.

### Request for Production

1. All policies of insurance that cover the Incident in question, including excess coverage(s) which were in effect at the time of the Incident that may have insured Defendant against the allegations made in this lawsuit.

2. All photographs, videos, drawings, or other depictions of the Incident and the events giving rise to this lawsuit.

3. All accident, injury, disability, or incident reports concerning the Incident, whether signed by Plaintiff or not.

4. All medical records that refer to Plaintiff, including medical records that predate the Incident. This request also seeks test results and/or films.

5. All policies and/or procedures regarding (1) supervision and direction of employees and contractors; (2) safety operating techniques; (3) maintenance and repair of Defendant's premises; (4) reporting and investigation of injuries on Defendant's premises; and (5) any other relative operations.

6. All documents that mention, concern, refer, or relate to the Incident.

7. All documents received from third parties that mention, concern, refer, or relate to any issue in this lawsuit.

8. All documents received from third parties that mention, concern, refer, or relate to any issue in this lawsuit.

9. All records referring to Plaintiff concerning the criminal justice system.

10. All safety manuals and materials that relate to the events and allegations made the basis of this lawsuit.

11. All records referring to Plaintiff and relating to Plaintiff's prior and/or current employers.

12. All photographs, videotapes, or films which depict Plaintiff and/or his injuries since the date of the Incident.

10

13. All settlement agreements, releases, indemnifications, or assignments which have been signed by you in connection with the Incident.

14. Copies of all objects, photographs, drawings, reports, statements, tangible things, or documents in the possession of Defendant with reference the Incident, excluding only those written documents, materials, and/or objects that can clearly be identify as the work product of Defendant's attorneys. This request specifically includes any and all reports and written or electronically recorded statements made by Defendant to any other person, organization, or governmental entity.

15. Copies of each and every insurance policy and/or agreement which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment. This request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when the Incident occurred indicated Defendant as a named insured or omnibus insured or any other type, whether by application, binding, issuance of policy, or extension of a grace period. This request necessarily includes any umbrella policies, as well as reservation of rights letters issued by any insurance carrier with respect to the claims made in this lawsuit.

16. Copies of all documents and tangible things that any expert witness you may call to testify at trial in this case has reviewed and/or will utilize to aid his testimony.

17. Copies of any document that any expert witness you may call to testify at trial has reviewed or relied upon which relates to or in any way concerns Plaintiff's damages or injuries suffered by Plaintiff.

18. Copies of any document that any expert witness you may call to testify at trial has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

19. Copies of any statements given to Defendant by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

20. Copies of any and all investigations and/or incident reports in Defendant's possession that were made subsequent to the Incident and in connection with or anticipation of the defense of claims made a part of this litigation.

21. The curriculum vitae or resume for each expert you may call to testify at trial.

22. Copies of all documents or other writings which show or identify Defendant as being an officer, member, or director a public or private corporation.

23. All non-privileged documents, records, and/or other writings that evidence an admission, in whole or in part, that the Incident was caused by an act or omission of fault or negligence of any other person or entity.

24. All photographs and/or videotapes of Plaintiff.

11

25. Copies of all documents reflecting settlement agreements, deals, and/or understandings between Defendant and any other person concerning the lawsuit or the Incident.

26. Copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data, and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs, and opinions of such expert with regard to this case.

27. Copies of any and all documents and tangible items furnished to each expert you may call to testify at the trial of this case.

28. Copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that it has some grounds for denying you coverage provided under such policy or agreement.

29. Copies of any and all charts, plans, photographs, and/or other documents intended to be introduced into evidence on the issue of liability or damages.

30. Copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the Incident.

31. Copies of any and all indemnity agreements between any of the parties to this case.

32. Copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the Incident or injuries made the basis of this suit.

33. Copies of any and all reports which have been obtained from any expert you may call to testify at the trial of this case.

34. Copies of any and all work papers, notes, or other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon, in whole or in part, by an expert you may call to testify at the trial of this case.

35. Copies of any and all photographs, video recordings, or sketches that Defendant has of the scene of the Incident.

36. A copy of all records obtained by Defendant pertaining to Plaintiff, including, but not limited to medical records, billing records, employment records, income tax records, driving records, and school records.

37. All documents supporting any defense (affirmative or otherwise) raised by you to the allegations set forth in Plaintiff's petition.

38. All correspondence or communications between you and any other person concerning the Incident and Plaintiff's injuries. This request includes, but is not limited to, emails, text messages, voicemail recordings, instant messages, and social media posts.

39. All correspondence or communications between you and the Plaintiff concerning the Incident and Plaintiff's injuries. This request includes, but is not limited to, emails, text messages, voicemail recordings, instant messages, and social media posts.

40. All documents that concern, refer to, or relate to Plaintiff.

41. All documents relating to events that are substantially similar to the Incident.

42. All documents relating to any instructions or directions provided by you to Plaintiff and relating to the events made the basis of this lawsuit.

43. All correspondence, communications, or related documents by and between you and your insurance company(ies) which in any way relate to, directly or indirectly, Plaintiff's injuries and damages arising out of the Incident.

44. All documents, contracts, correspondence, and/or notes which concern, refer to, or reflect potential parties to this action and/or persons with knowledge of relevant facts.

45. A privilege log which describes each document, item, material, communication, and/or piece of information withheld on the basis of privilege, with sufficient particularity for Plaintiff to assess the applicability of the privilege asserted.

46. Personnel files for all employees who witnessed or were on duty on the date of the Incident.

47. All incident, accident, and variance reports, whether internal or conducted by a third party, concerning the Incident.

48. Personnel file for the manager(s) on duty on the date of the Incident.

49. All policies and procedures concerning accident reports, accident investigations, and cause analyses.

50. A copy of the employee handbook in effect at the time of the Incident.

51. All correspondence or communications between Plaintiff and your claims adjusters or representatives.

52. The identity of all non-employee witnesses to the Incident.

53. All witness statements obtained by you or any third party relating to the Incident.

13

54. All incident reports for injuries alleged to have occurred at on the premises during the past five years.

55. All maintenance logs for the premises for the month prior to the Incident.

56. All policies, guidelines or procedures relating to checking the restroom area for spills, debris, or hazards that were in effect at the time of the Incident.

Respectfully submitted,

BRUERA LAW FIRM, PLLC

/s/ Sofia E. Bruera

SOFIA E. BRUERA
State Bar No. 24062189
3100 Timmons Lane, Suite 310
Houston, Texas 77027
Telephone:  (832) 430-4000
Facsimile:  (832) 558-3523
Email:  sofia@brueralaw.com
Service email: service@brueralaw.com

**ATTORNEYS FOR PLAINTIFF**

14